

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-27-2009

# USA v. Ossie Trader

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1372

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Ossie Trader" (2009). *2009 Decisions.* Paper 1301.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1301

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-180                                                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1372
_____

UNITED STATES OF AMERICA

v.

OSSIE R. TRADER, Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 94-00534-002)
District Judge:  Honorable Michael M. Baylson

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6 and for
Request for a Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)
May 7, 2009
Before:     Rendell, Hardiman and Cowen, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 27, 2009)
_____

OPINION
_____

PER CURIAM

     Appellant Ossie Trader appeals from an order of the District Court that dismissed

both his "petition for a writ of error coram nobis" and his "nunc pro tunc" motion for lack

of jurisdiction.  For the reasons that follow, we will construe Trader's notice of appeal as

a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1), and deny that request.

Trader is a federal prisoner serving a 248-month sentence for armed bank robbery and related crimes. After more than a dozen collateral attacks on his conviction and sentence, most of them by way of unauthorized § 2255 motions, the District Court entered an order instructing Trader to "cease filing papers in this case in this Court." Trader did not abide. Among other post-injunction applications, he filed the instant petition for coram nobis and a motion for relief nunc pro tunc. The District Court denied both applications, concluding that "these pleadings are DENIED because the Court is without jurisdiction, as explained in prior Orders." This timely appeal followed.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge the validity of his conviction or sentence, unless such a motion would be "inadequate or ineffective." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Lack of success in a previous § 2255 motion, however, does not automatically render § 2255 inadequate or ineffective. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002). Furthermore, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), district courts lack jurisdiction over second or successive § 2255 motions without proper authorization from a panel of the court of appeals. See Robinson v. Johnson, 313 F.3d 128, 139-40 (3d Cir. 2002); 28 U.S.C. § 2255(h).

Trader's two applications at issue are undoubtedly attacks on the validity of his conviction and sentence, and there is no apparent reason why a § 2255 motion would be "inadequate or ineffective" in advancing his claims. Therefore, because Trader has failed to comply with AEDPA's stringent gatekeeping requirements for filing a second or successive § 2255 motion, we will construe Trader's notice of appeal as a request for a certificate of appealability, and deny that request. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Trader's motion for bail pending appeal is denied as moot.